Opinion of the court, by
Judge Hitchcock :
The question now presented to the court was considered at the last term, in the case of Barret v. Reed, 2 Ohio, 409, but, inasmuch as there was some difference of opinion, and that case was decided upon a different point, was left undetermined.
But one serious objection is made to the admissibility of the evidence received on the trial of the issue in this case.
*It is this, that if such testimony is received, the rule “that the best evidence which the nature of the thing admits, and is capable of, must always be given,” will be violated.
This rule is founded "in wisdom, and consistent with obvious reason, and ought not to be departed from upon light or trivial grounds. Its true meaning is that no such evidence shall be introduced, as, in the nature of things, supposes greater or better evidence in the power of the party producing it. If there be such greater or better evidence, and the party fails or refuses to produce it, a presumption arises, that if produced it would operate against him. Such being the presumption, the lesser evidence shall be excluded.
This rule, however, is general, and not without exceptions. Not only copies of public records and proceedings, but under peculiar circumstances copies of private instruments of writing are given in evidence. It is a common practice to receive parol evidence of the contents of a deed or other instruments of writing where the deed or instrument itself is lost, or is in the possession of the opposite party, if notice has first been given to produce it. These *90 instances are but few, among the many which might be named, to show that the general rule is not so unbending that courts will not dispense with a strict adherence to its letter in order to arrive at substantial justice.
Constables in Ohio are township officers, although in some few instances they may serve process in any part of the county. They are elected by the people at their annual township elections, and any person elected and refusing to serve is subject to a penalty. Within ten days after the election, the individual elected is to take an oath of office, which oath may be administered by the township, clerk, or any other person having general authority to administer oaths. In addition to this, before entering on the duties of his office, he must give a bond with one or more sureties, to be approved of by the trustees of the township, for a sum not exceeding two thousand dollars, payable to the State of Ohio, conditioned for the faithful discharge of those duties. The election, the giving of bonds, the approval of the sureties, the administration of the oath of office, ought to be noted by the township clerk in his book of record. This would undoubtedly be done-should the clerk, and every Mother officer concerned, do their duty. The constable, however, receives no certificate or other written document, to prove his official character and qualifications. The best evidence “the nature of the thing admits of,” to prove this official.character would undoubtedly be the township records, provided these records had been properly kept. Experience, however, teaches us that in many parts of the country these records are so loosely kept that we are, from necessity, compelled to resort to evidence of a secondary nature.
Under these circumstances, does either policy, justice, or law dictate that, in cases like the present, we should strictly adhere to the rule that the best evidence which the nature of the thing admits and is capable of shall be given ?
So far as it respects third persons, there is no doubt on the subject. Whore such persons are interested, it is believed to be the practice of all courts to permit them to prove that an individual who claims to be a public officer, is such de facto, without requiring them to prove that he is such de jure. The great danger which will result from adopting the same rule of evidence, where the officer himself is a party, is not readily conceived. There is a difference, it is true, between the two cases. Every man who *91 undertakes to exercise the duties of an office, ought to know whether he is legally qualified, while this knowledge can not be supposed to extend to others. This difference of circumstances, however, is not so great as to require a difference in the rule of evidence.
In deciding this question, it may not be improper to turn our attention for a moment to the nature of those suits, in which constables or other ministerial officers are parties. In some cases the principal question is, whether the party is, or is not, an officer de jure. But such cases are not of frequent occurrence. Were it otherwise, it might be expedient to adopt a different rule of evidence. It is believed, however, that in ninety-nine cases in a hundred, this is a question of secondary importance. The object more generally is to determine the right of property, the legality of process, the validity of an arrest, or something of a similar nature. In most of these cases, to require of the party claiming to be a public officer, proof that he had complied with every requisite *of the law to qualify him to act, would be attended with unreasonable inconvenience to him, without any commensurate advantage to his opponent.
In the case before the court, the real question in dispute was» not whether Stedman was a constable, but whether the house which was the subject matter of litigation, was the property of Johnson, the plaintiff, or the property of Hollingsworth. Under these circumstances, the evidence was properly received. It was sufficient for the purposes of this case to prove that Stedman was a constable de facto.
The principle here decided is supported by high and unquestionable authority. ' In the case of Potter v. Luther, 3 Johns. 431, the Supreme Court of the State of New York say: “ It is a general rule to admit proof by reputation that a person acts as a general public officer or deputy.” In Berryman v. Wise, 4 Term, 336, the court of King’s Bench, in England, decided that in the case of all peace officers, justices of the peace, constables, etc., it was sufficient to prove that they acted in these characters, without producing their appointment. This, to be sure, was the expression of Justice Bailer, but from an examination of the case, I am satisfied it was the opinion of the whole court. So in Esp. Dig. 783, it is laid down that cases similar to the one under considera *92 tion, are exceptions to the general rule, “that the best evidence, etc., must always be given.”
Upon the whole, we are of opinion that the motion for anew trial must be overruled, and judgment entered on the verdict.